[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This suit arises out of a claimed breach of an oral contract to pay a commission fee to the plaintiff, a placement services company, for its procurement of a Chief Financial Officer for the defendant. The two companies had done business previously.
Some time in September of 1999, Richard Devanzo, the defendant's President, contacted the plaintiff's Executive Vice. President, Joseph Tucci, seeking a Chief Financial Officer. The oral agreement of the parties is that the defendant would pay a commission equal to 25% of the CT Page 10762 annual compensation paid in the first year of employment. Tucci presented a candidate, Charles Ameer, who was initially interviewed by Mr. Devanzo who found him acceptable because he was a certified public accountant and was familiar with the defendant's financial system. Ameer was brought back for a second interview at which time he met other senior officials of the defendant and was hired. Neither Tucci or Devanzo checked on prior employers before the hire. Mr. Ameer started work on September 20, 1999.
Some time prior to the hire, the parties orally varied the terms of the original agreement to now provide for a commission fee of $23,850 to be paid in three equal installments of $7,950 payable on September 20, 1999, October 20, 1999, and November 20, 1999. The defendant did not pay the first installment on September 20, 1999, and did not pay the second installment on October 20, 1999. It did make its first payment of $7,950 on October 29, 1999.
As a part of the oral agreement of the parties, the plaintiff agreed that in the event that Mr. Ameer left the defendant's employ within 60 days of his employment that the plaintiff would provide another candidate free of charge, but this circumstance would not change the defendant's obligation to pay the fee. The last full day Ameer worked was Thursday, November 11, 1999. He did come back for a short time on Tuesday, November 16, 1999, but never returned thereafter. On Thursday, November 18, 1999, Devanzo terminated Ameer effective November 16, 1999. Devanzo had telephone contact with Ameer on November 19, 1999, wherein he informed Ameer he had been terminated.
Mr. Devanzo did not notify anyone at the plaintiff's company of this fact and claims he never asked them to present another candidate. In fact, he never replaced Ameer. About a week after Ameer's termination, Mr. Tucci telephoned Devanzo, presented other names for the position and offered his services to replace Ameer. He claims that Mr. Devanzo declined that offer. Devanzo testified that Tucci only presented one name, a person previously rejected, and offered no one else.
Most of these facts were admitted in a plaintiff's Request for Admissions dated March 29, 2000, by virtue of the defendant's failure to respond to it in accordance with P. B. rule 13-23.
The case presents no significant questions of law, and the court's sole function is to assess credibility and determine the facts. The parties agreed not to submit post trial memoranda.
The court finds the issues for the plaintiff. The oral contract called for the fee to be paid in three equal installments, September 20, October 20 and November 20. The first installment coincided with the date of CT Page 10763 hire. The fee was not conditioned upon the new hire remaining on the job for any particular period of time. What was agreed upon was that in the event the new hire left or was fired within the first 60 days the plaintiff would provide its services in presenting a new candidate at no cost to the defendant.
In this case, the defendant's President interviewed Charles Ameer on two occasions, found his experience and skills acceptable, and hire him effective September 20, 1999. Apparently, Ameer failed to show up for work after November 11, 1999, and his services were terminated effective November 16, 1999. The defendant did not even inform the plaintiff of this fact and only discussed it when Mr. Tucci contacted him a week later. The court finds that the plaintiff offered its services thereafter, that the defendant declined them, and in fact never refilled the position.
The court will enter judgment for the plaintiff in the amount of $15,900 plus costs. On the question of interest, it is noteworthy that the defendant was delinquent in paying the first two installments set forth in the agreement and did not make the first payment until October 29, 1999. Devanzo testified that he thought $7,950 was enough money for what the plaintiff did. That unfortunately is not what the agreement called for. The defendant has withheld the balance of the payments called for and the court will award interest at 10% on the judgment from November 20, 1999, to the date the judgment is paid.
GORMLEY, J.